UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONSTANCE L. LIVINGSTON<br>4924 Amberwood Drive<br>Dayton, OH 45424 | : : : : | Case No. 3:15-cv-425<br><br>Judge_____ |
| Plaintiff, | : : | |
| vs. | : : | |
| CHILDBIRTH AND POSTPARTUM<br>PROFESSIONAL ASSOCIATION, INC.<br>Registered Agent: Tracy Peters<br>2854 Country House Lane<br>Buford, GA 30519 | : : : : : | |
| Defendant. | : : | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff, Constance Livingston, and for her complaint against Defendant, Childbirth and Postpartum Professional Association, Inc. ("CAPPA"), states as follows:

**Introduction**

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Plaintiff is an Ohio resident who created certain copyrighted materials as detailed below.

3. Defendant is a Georgia for-profit corporation that describes itself as "an international certification organization for doulas, childbirth educators, and lactation educators." Defendant's

1

primary activity is the provision of educational materials via online training and in-person seminars and conferences (including numerous conferences held in Ohio).

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action presents a federal question, and under 28 U.S.C. §1338, because this action relates to copyright infringement claims.

5. This Court has personal jurisdiction over the Defendant because Ohio law provides for personal jurisdiction over Defendant and such personal jurisdiction comports with due process. This cause of action arises as a result of Defendant's transaction of business in Ohio, and the Defendant has caused harm in Ohio by acts committed within Ohio and outside of Ohio.

6. Venue is proper in this Court because a substantial part of the events giving rise to the claims occurred in this District.

**Factual Background**

7. In the early 2000's, Livingston and another individual jointly produced a series of childbirth education training videos (the "Copyrighted Materials"). Livingston prepared and provided the content presented in the videos, and also personally appeared in the videos to present the content.

8. In or around October 2006, the other individual who helped create the videos transferred all of her rights in the Copyrighted Materials to Livingston under a written agreement. Accordingly, Livingston is currently the sole owner of the Copyrighted Materials.

9. Livingston and Defendant entered into an agreement whereby Defendant would be permitted to use the Copyrighted Materials in its training programs, provided that Defendant paid a royalty for such use.  Defendant would display the Copyrighted Materials in the context of paid training programs it offered to its customers. The amount of the agreed royalty was 15% of

whatever amount Defendant charged its customer for the training program in which the Copyrighted Materials were used.

10. The parties operated under this agreement for some time, but ultimately terminated their relationship in or around 2005.

11. Livingston specifically informed the Defendant that it no longer had permission to use the Copyrighted Materials, and instructed Defendant to cease using her name and likeness in connection with any of the Defendant's activities.

12. In 2015, Livingston became aware that Defendant has continued to use the Copyrighted Materials in its training programs, charging its customers to view the Copyrighted Materials, in violation of her rights under the Copyright Act.

## Count One: Copyright Infringement

13. Livingston re-states the allegations contained in Paragraphs 1-12 above as if fully rewritten herein.

14. Livingston is the owner of the Copyrighted Materials.

15. Defendant has displayed the Copyrighted Materials in the context of its paid training programs.

16. Livingston did not authorize, permit, or consent to Defendant's use of the Copyrighted Materials.

17. As a result, Defendant has violated Livingston's exclusive rights to:

(A) Reproduce the materials in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the materials to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted materials, in violation of 17 U.S.C. §§ 106(4) and 501; and

(D) Display the copyrighted materials, in violation of 17 U.S.C. §§ 106(5) and 501.

18.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. §504(c)(2).

## Count Two: Misappropriation of Name and Likeness

19.     Livingston re-states the allegations contained in Paragraphs 1-18 above as if fully rewritten herein.

20.     Defendant appropriated for its own use Livingston's name and likeness.

21.     Such appropriation was for Defendant's own benefit and for commercial purposes.

22.     Defendant's appropriation of Livingston's name and likeness was undertaken without Livingston's authorization.

23.     As a direct and proximate result of Defendant's misappropriation of Livingston's name and likeness, Livingston has been damaged in an amount to be proven at trial, but believed to be in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests the Court to:

    (A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

    (B) Order that Defendant delete and/or destroy all copies of Plaintiff's works that are under Defendant's possession, custody or control;

    (C) Award Plaintiff the greater of: a) all of the profits of Defendant attributable to Defendant's use of the copyrighted work pursuant to 17 U.S.C. §504(b), or b) statutory damages per infringed work pursuant to 17 U.S.C. §504(c);

    (E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505;

    (F) Award actual, exemplary, and punitive damages to Plaintiff for Defendant's misappropriation of her name and likeness in an amount in excess of $75,000; and

    (G) Award any and all other relief the Court deems just and appropriate.

Respectfully Submitted,

  /s/ Todd E. Bryant
Todd E. Bryant (0072738)
The Bryant Firm, LLC
2632 Shady Tree Drive
Troy, OH 45373
(937) 581-3792
todd@thebryantfirm.com
*Attorney for Plaintiff*

5